NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANNE JONES, | Civil No.: 11-4379 (JLL) |
| Plaintiff, | OPINION |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**LINARES**, District Judge.

Presently before the Court is Plaintiff Joanne Jones's Appeal seeking review of a final determination by Administrative Law Judge ("ALJ") Donna A. Krappa denying her application for Supplemental Security Income Benefits ("SSI") in part. The Court has jurisdiction to review this matter pursuant to 24 U.S.C. § 405(g). The Court has considered the submissions made in support of and in opposition to the instant appeal and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will affirm in part and vacate in part the final decision of the Commissioner and remand for further administrative proceedings.

I.   **FACTS AND PROCEDURAL HISTORY**

Plaintiff filed an application for SSI benefits on July 10, 2001, alleging disability as of 1999 due to systemic lupus erythematosus, depression and high blood pressure. Def. Br. at 6. Her request was denied as was her request for reconsideration. *Id.* Plaintiff timely filed a

request for hearing, which took place in April and November of 2003 before ALJ Ralph Meuhlig in the Newark, New Jersey Hearing Office. *Id.* ALJ Meuhlig issued an unfavorable opinion on August 26, 2004. *Id.* Plaintiff sought Appeals Council review, and on June 10, 2005, the Appeals Council found no grounds to review. *Id.*

Plaintiff appealed to the United States District Court for the District of New Jersey. *Id.* On January 31, 2007, the Honorable William J. Martini, U.S.D.J., issued an Opinion and Order affirming the ALJ's opinion in part and remanding it in part with instructions to the ALJ to reevaluate Plaintiff's "depression," assess the impact of her depression on the ALJ's residual functional capacity ("RFC") determination and make a "determination regarding the relevance, if any, of or weight given to [the vocational expert's] testimony." *Jones v. Comm'r of Soc. Sec.*, No. 05-3963 (D.N.J. filed Jan. 31, 2007) at 5, 8.

The Appeals Council issued its Remand Order on April 12, 2007, and a second ALJ hearing took place on July 18, 2007, before ALJ Donna Krappa of the Newark Hearing Office. Pl. Br. at 5. At the time of the hearing, Plaintiff was 41-years old, had "'limited' (11th grade) education," and did not have any "past relevant work experience." R. at 453.[1]

On September 18, 2007, ALJ Krappa issued a partially favorable decision. R. at 455. The ALJ held that Plaintiff had not engaged in "substantial gainful activity since January 1, 1999," and that Plaintiff had severe "systemic lupus erythematosus, diabetes, hypertension, arthralgias and depression." R. at 448. She found, however, that prior to January 1, 2007, Plaintiff did not have an "impairment or combination of impairments that met or medically equaled an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1." R. at 448. ALJ Krappa next found that Plaintiff had the RFC to "engage in light work activity as long as the jobs

---

[1] "R." refers to pages of the Administrative Record – SSA.

2

require only occasional contact with supervisors, co-workers, and the general public." R. at 449. ALJ Krappa consulted with a vocational expert and determined that, "[p]rior to January 1, 2007, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed." R. at 453-54. Therefore, ALJ Krappa found that Plaintiff "was not disabled prior to January 1, 2007," but became disabled on that date due to a severe cardiac impairment. R. at 455. Plaintiff timely filed an appeal challenging ALJ Krappa's partial denial of benefits.

## II. LEGAL STANDARDS

### A. Standard of Review

This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Thus, when "the [ALJ] is faced with conflicting evidence, [she] must adequately explain in the record [her] reasons for rejecting or discrediting competent evidence." *Ogden v. Bowen*, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing *Brewster v. Heckler*, 786 F.2d 581 (3d Cir. 1986)). The District Court must review the evidence in its totality. *See Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). But, the reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the factfinder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). Where the ALJ's findings of fact are supported by substantial evidence, the Court is bound by those findings "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

B.     **The Five-Step Evaluation Process**

Under the Social Security Act, a claimant must demonstrate that she is disabled based on an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c (a)(3)(A). A person is disabled for these purposes only if her physical or mental impairments are "of such severity that [she] is not only unable to do [her] previous work, but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Social Security Administration established a five-step sequential evaluation process for determining whether a plaintiff is disabled. 20 C.F.R. §§ 404.1520, 416.920. At Step One, the Commissioner decides whether plaintiff is currently engaging in substantial gainful activity. If she is not employed, then the Commissioner proceeds to Step Two. At Step Two, the Commissioner must determine whether the plaintiff's impairments or combination of impairments is severe. If the impairment is not "severe," plaintiff is not eligible for disability benefits. 20 C.F.R. §§ 404.2539(c), 416.920(c). At Step Three, the Commissioner must decide whether the plaintiff suffers from a listed impairment. If the plaintiff does not suffer from a listed impairment or its equivalent, then the Commissioner moves to Step Four. At Step Four, the Commissioner determines whether based on plaintiff's residual functional capacity ("RFC") she can still do her past relevant work. If the Commissioner determines that plaintiff can no longer perform her past work, then the Commissioner proceeds to Step Five. The burden of proof is on the plaintiff at these first four steps. *See Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983). At Step Five the burden shifts to the Commissioner to show

4

that other work exists in significant numbers in the national economy that the plaintiff could perform given her RFC, age, education, and past work experience. If the Commissioner cannot show that work exists which plaintiff could perform, then the plaintiff is entitled to disability benefits.

### III. DISCUSSION

Plaintiff presents the following in support of her appeal: (A) the ALJ improperly relied on the testimony of an unqualified and biased medical examiner; (B) at Step Three, the ALJ erred in not considering Plaintiff's alleged ocular impairments, did not provide a proper evidentiary basis for her conclusion that Plaintiff did not satisfy paragraph 14.02 of the Commissioner's Listings, and erred in not considering all of Plaintiff's impairments in combination; (C) at Step Four the ALJ failed to articulate an acceptable evidentiary basis for her RFC findings; and (D) at Step Five, the ALJ erred in the hypothetical she posed to the vocational expert ("VE") and corrupted the VE's analysis by improperly instructing on the definition of the word "moderate."

For the reasons that follow, this Court finds that the ALJ erred in the Step Three analysis, and therefore remands this matter for further consideration by the Commissioner.

#### A. The ALJ did not err by using Dr. Fechner as a medical examiner for purposes of Plaintiff's disability consideration.

Plaintiff challenges the ALJ's decision to use Dr. Martin Fechner as a medical examiner for two reasons. First, Plaintiff asserts that Dr. Fechner was not qualified to testify about her lupus as he was a "fully retired internist who admitted that he was not a rheumatologist, had only 'a few' lupus patients in the history of his practice," and referred "anyone with 'serious' lupus" to a rheumatologist for treatment. Pl. Br. at 11. Second, Plaintiff alleges that Dr. Fechner

5

maintains a close relationship with the Commissioner and has a bias towards the Commissioner. Pl. Br. at 25.

Plaintiff's first allegation is without merit. Although Dr. Fechner is not a rheumatologist, Dr. Fechner testified that he had experience with the disorder. Pl. Br. at 11. Moreover, Plaintiff's alleged impairments were not limited to her claim of severe systemic lupus erythematosus. Pl. Br. at 17. Plaintiff also claimed she suffered from diabetes, hypertension, arthralgias, depression, and ocular impairments. Pl. Br. at 17. Under the circumstances, the Court does not find that the ALJ's decision to consult with an internist was improper. *See Kenney v. Comm'r of Soc. Sec.*, 232 Fed. Appx. 183, 187 (3d Cir. 2007) (stating that "[a]lthough HALLEX I-2-5-36(D) states '[t]he ALJ or designee must select the [Medical Examiner] whose expertise is most appropriate to the claimant's diagnosed impairment[s],' we do not find the ALJ erred in appointing Dr. Fetchner [sic] in light of Kenney's contention she suffers under a disability in three separate specialties, pulmonary, psychiatric, and orthopedic.").

Plaintiff's second allegation is also without merit. Plaintiff provides no concrete evidence establishing bias. Pl. Br. at 25. Although Dr. Fechner was frequently called by the ALJ to testify, his role at the hearing was to serve as an "independent medical advisor." *Richardson v. Perales,* 402 U.S. 389, 396 (1971) (internal quotations omitted). "The mere fact that this witness was presented by the Social Security Administration and received compensation for his services is not enough for this Court to infer that Plaintiff was deprived of a fair and impartial hearing." *Nichols v. Comm'r of Soc. Sec.*, 260 F.Supp.2d 1057, 1070 (D. Kan. 2003). Accordingly, Plaintiff's arguments must fail.

    **B.**    **The ALJ erred at Step Three of her disability analysis by failing to properly consider Plaintiff's impairments in combination before proceeding to Step Four.**

At Step Three, Plaintiff alleges that the ALJ erred on three grounds. The ALJ did not consider Plaintiff's ocular impairments, failed to provide a proper evidentiary basis for her conclusion that Plaintiff did not satisfy paragraph 14.02 of the Commissioner's Listings, and did not adequately consider Plaintiff's impairments in combination. As discussed below, the Court agrees in part and remands this case for further consideration.

### 1. The ALJ's analysis of Plaintiff's ocular impairments is supported by substantial evidence.

Plaintiff alleges that the ALJ omitted the "medical advisor's testimony regarding ocular impairments" thereby warranting remand. Pl. Br. at 20. The Court finds this argument unpersuasive for two reasons. First, the Plaintiff bears the burden of proof at Step Three, yet presents no proof that any additional evidence or discussion would lead to a contrary finding. *See* Pl. Br. at 24. Even assuming Plaintiff had an ocular impairment, there is no indication or argument that this, considered alone or in combination with Plaintiff's other impairments, would render Plaintiff disabled. Pl. Br. at 24.

Second, there is substantial evidence supporting a finding that Plaintiff did not in fact suffer from an ocular impairment, thereby negating any need for further discussion on the subject. *See Hartranft*, 181 F.3d at 360 (stating that a Court is bound by an ALJ's findings where there is substantial evidence to support the ALJ's findings). On December 22, 2003, Dr. Sam conducted an ophthalmological consultative examination of Plaintiff and concluded that Plaintiff had "no visual impairment with glasses." R. at 451. Plaintiff's vision without glasses was 20/80 in the right eye and 20/400 in the left eye. R. at 451. Her best corrected vision was 20/30 in each eye. R. at 451. Moreover, there "was no evidence of cataract formation or intraocular infection; visual testing was noted to be normal." R. at 451. The ALJ does not mention Plaintiff's alleged ocular impairments in Step Three of the ALJ's analysis but later

7

discusses it in detail at the Residual Functional Capacity stage of her analysis. R. at 448-49, 451. The Third Circuit has specifically "noted that an ALJ is not required to use particular language or adhere to a particular format in conducting [her] analysis" as long as the decision "read as a whole" is "capable of providing meaningful judicial review." *White v. Comm'r of Soc. Sec.*, No. 10-506, 2011 U.S. Dist. LEXIS 10980, *24 (D.N.J. February 3, 2011). Therefore, the Court finds the Plaintiff's allegation to be without merit.

### 2. The ALJ's determination that Plaintiff does not equal Listing 14.02 is supported by substantial evidence.

Next, Plaintiff alleges that the ALJ erred at Step Three by failing to find Plaintiff *per se* disabled under Listing 14.02. Pl. Br. at 14. The ALJ determined under Step Two that Plaintiff suffered from severe systemic lupus erythematosus, diabetes, hypertension, arthralgias and depression. R. at 448. At Step Three, the ALJ analyzed each of these impairments, including Plaintiff's lupus, and determined that Plaintiff's "immune body system disorder (systemic lupus erythematosus) does not meet or medically equal the clinical requirements of listing section 14.02 because the evidence indicates that this condition is stable with no evidence of end organ damage or body system involvement." *Id.*

Listing 14.20 states that an individual with systemic lupus erythematosus is *per se* disabled if they establish either:

> A. Involvement of two or more organs/body systems, with:
>   1. One of the organs/body systems involved to at least a moderate level of severity; and
>   2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).
>
> OR
>
> B. Repeated manifestations of SLE, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>   1. Limitation of activities of daily living.
>   2. Limitation in maintaining social function.

8

>    3.   Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. § 404 (P)(1)(14.02)(2012).

Plaintiff presents three pieces of evidence in support of her assertion that the elements in this listing are satisfied. First, Plaintiff alleges that the ALJ's findings in Step Two "can be seen as conceding . . . involvement of lupus into at least four different body systems." Pl. Br. at 17. Second, the ALJ's findings of "moderate" limitations related to depression satisfy the requirement that at least one of the organs/body systems exhibit "at least a moderate level of severity." Pl. Br. at 17-18. Finally, Plaintiff states that 14.02 "requires constitutional symptoms such as fatigue, fever and malaise, complaints voiced by plaintiff and endorsed in sworn testimony of the medical expert." Pl. Br. at 19-20. Plaintiff's third point greatly overstates the medical expert's testimony—Dr. Fechner never discusses fever or malaise, and he testifies that he could not "say anything really about fatigue" given its subjective nature. R. at 543-44.

The ALJ's conclusion that there is no "body system involvement" is poorly worded in light of the ALJ's findings at Step Two; however, the decision, read as a whole, supports the ALJ's ultimate determination that Plaintiff does not satisfy Listing 14.02. *See White*, 2011 U.S. Dist. LEXIS 10980, at *24. First, two of Plaintiff's treating physician/health care facilities determined that her lupus was stable, as did the consulting medical examiner that evaluated her for these proceedings. R. at 450-51. Second, substantial evidence supports a finding that she had no body system involvement at a "moderate level of severity," as required by Listing 14.02(A). The evidence demonstrates that Plaintiff's diabetes and hypertension were mild and controlled with treatment, her arthralgias was minimal and did not limit her range of motion, and she was "only somewhat depressed." *Id*. at 450-452. Finally, Plaintiff failed to meet her burden regarding the "constitutional symptoms" requirement of Listing 14.02(A) and (B). *See generally*

9

Pl. Br. at 19-20. There was evidence that she may have suffered from fatigue, R. at 543-44, but her weight was stable and there was no evidence of fever or malaise. R. at 34. Therefore, the ALJ's findings of fact are supported by "substantial evidence," and the Court is bound by those findings. *Hartranft*, 181 F.3d at 360.

### 3. The ALJ failed to adequately compare the combination of Plaintiff's severe impairments with the Commissioner's Listings to determine medical equivalence.

Finally, Plaintiff argues that the ALJ erred by failing to compare the combination of Plaintiff's severe impairments with Commissioner's listing to determine medical equivalence. Pl. Br. at 15. "20 C.F.R. § 416.926(b)(3) states that if a claimant has multiple impairments, none of which meets or equals a listed impairment individually, the Commissioner will consider whether findings related to a combination of claimant's impairments are at least of equal medical significance to those of a listed impairment." *Mirabal v. Astrue*, No. 08-1079, 2009 U.S. Dist. LEXIS 129703, at *21 (D.N.J. July 14, 2009).

Here, the ALJ determined at Step Two that Plaintiff suffered from a total of five severe impairments: systemic lupus erythematosus, diabetes, hypertension, arthralgias and depression. R. at 448. The ALJ then proceeded to Step Three where she compared each of these severe impairments to their respective Listings and determined that no individual impairment met or medically equaled a Listing. R. at 448-49. Having reached this conclusion, the ALJ should have then determined whether the combination of Plaintiff's impairments medically equaled a listed impairment. *Cadillac v. Barnhart*, 84 Fed. Appx. 163, 167 (3d Cir. 2003). However the entirety of the ALJ's discussion at this step was her conclusion that Plaintiff did not have a "combination of impairments that met or medically equaled an impairment" in the listings. R. at 448. However, the "ALJ's sole conclusory statement that Plaintiff 'does not have an impairment or

10

combination of impairments' that meets the Listings is not enough." *See Butler v. Astrue*, No. 09-3252, 2010 U.S. Dist. LEXIS 104040, *20 (D.N.J. September 28, 2010); *see also Torres v. Comm'r of Soc. Sec.*, 279 Fed. Appx. 149, 152 (3d Cir. 2008); *Elliott v. Astrue*, No. 11-2293, 2012 U.S. Dist. LEXIS 97132, *11 (D.N.J. July 12, 2012). Without a more detailed explanation or analysis as to the reasons and facts underlying her conclusion, this Court has no reasonable basis upon which to conduct a reasonable judicial review of said conclusion. *See, e.g., Elliott*, 2012 U.S. Dist. LEXIS 97132 at 11, 19-20 (These "simple conclusory remarks . . . leave the ALJ's decision 'beyond meaningful judicial review.'").

Accordingly, this Court remands the case for a detailed analysis by the ALJ of the evidence and specifically, an explanation of her determination that the combination of plaintiff's impairments does not medically equal any of the listed impairments.

## IV. CONCLUSION

This Court finds, for the reasons discussed above, that the ALJ did not adequately explain why the combination of Plaintiff's impairments was not medically equal to a listed impairment. The decision of the ALJ is hereby remanded for further discussion. Because the ALJ's reassessment at Step Three could affect and/or obviate the need to evaluate Plaintiff's impairments at Steps Four and Five, the Court declines to address issues concerning Steps Four and Five at this time. An appropriate order accompanies this Opinion.

DATED: November 5, 2012

_____
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE